## PEOPLE v. PARISI et al.

(Supreme Court, Appellate Division, Third Department. November 29, 1911.)

INTOXICATING LIQUORS (§ 221*)—OFFENSES—SALE ON SUNDAY.

    Liquor Tax Law (Laws 1909, c. 39 [Consol. Laws 1909, c. 34]) § 30, declares that it shall not be lawful for any person, whether having paid a liquor tax or not, to sell liquor on Sunday. Section 36, subd. 2, provides for the punishment of all offenses created by section 30, except by a person not holding a liquor tax certificate, the punishment for which is provided in subdivision 1 of that section, which prescribes no punishment for selling liquor on Sunday. *Held* that, since the only punishment that could be pronounced on convicts for selling liquor on Sunday was that prescribed by subdivision 2, it was not material whether a person guilty of that offense had paid a liquor tax or not; and hence an indictment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charging that defendants sold liquor in quantities less than five gallons at a time on Sunday was not demurrable for failure to allege whether they had a liquor tax certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 240–248; Dec. Dig. § 221.*]

Appeal from Saratoga County Court.

Alexander Parisi and another were indicted for selling liquor on Sunday. From an order sustaining a demurrer to the indictment, the People appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

William T. Moore, for the People.
J. W. Atkinson, for respondents.

SEWELL, J.   The indictment charged the defendants with a violation of the liquor tax law (Laws 1909, c. 39 [Consol. Laws 1909, c. 34]) by unlawfully selling liquors in quantities less than five gallons at a time, to one Raffaele Fortunato and to certain other persons, on the 5th day of March in the year 1911, "which said day was Sunday, * * * contrary to the form of the statute in such case made and provided." Each of the defendants interposed a demurrer to the indictment against him upon the ground that it did not sufficiently state the commission of a crime, for the reason that there is no allegation showing that the defendants did or did not have a liquor tax certificate. The demurrers were sustained, as appears by the opinion of the county judge, upon the ground that in case of conviction "a different punishment is meted out to the defendant who sells liquor without a license on Sunday than is given to the defendant who sells liquor on Sunday with a license."

We are of the opinion that no defect exists in the indictment by the omission to state whether or not the defendants had a liquor tax certificate. It contains a plain and concise statement of the act constituting the crime charged, in the language used in the statute defining it. All the ingredients of the offense are stated with legal certainty, and it is plain that proof of the act charged would bring the defendants precisely within it. It was wholly unimportant to allege whether or not the defendants had obtained a liquor tax certificate. Section 30, which defines the crime in question, declares, among other things, that it shall not be lawful for any person, whether having paid such tax or not, to sell liquor on Sunday. Subdivision 2 of section 36 provides for the punishment of all offenses created by section 30, except a violation of that section by a person not holding a liquor tax certificate, the punishment for which is provided in subdivision 1 of section 36. Subdivision 1 prescribes no punishment for selling liquor on Sunday, and it is therefore clear that the only judgment the court would have the power to pronounce upon convicts would be as prescribed in subdivision 2. It follows that the demurrer to the indict-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment is not tenable, and that the judgments entered thereon should be reversed.

Judgment sustaining demurrers to the indictment reversed, and judgment directed to be entered overruling the same and requiring the defendants to further plead. All concur.