(163 App. Div. 119)

### PEOPLE v. POST. (No. 180–119.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

INTOXICATING LIQUORS (§ 197*)—CRIMINAL PROSECUTIONS—JURISDICTION.

　　Liquor Tax Law·(Consol. Laws, c. 34) § 30, subd. A, makes it unlawful for any person, whether having paid the liquor tax or not, to sell liquor on Sunday. Section 36, subd. 2, provides that any person violating any provision of section 30 shall be guilty of a misdemeanor and punished as therein provided, but that this does not apply to violations of section 30 by a person not holding a liquor tax certificate, the punishment for which is provided in the first clause of that section. Subdivision 1 provides no punishment for Sunday sales by a person not holding a liquor tax certificate. Subdivision 5 provides that any violation by any person of any provision of that law, for which no punishment is otherwise provided, shall be a misdemeanor. Section 37, subd. 1, provides that where the penalty for any offense is fixed by section 36, subds. 1 or 2, the offense shall be prosecuted by indictment in a court of record, and subdivision 2 gives Courts of Special Sessions exclusive jurisdiction of violations defined by section 36, subd. 5. *Held*, that the County Court, and not a City Police Court clothed with the same powers as a Court of Special Sessions, had jurisdiction of a prosecution of a person not holding a liquor tax certificate for selling liquor on Sunday, as, no penalty being prescribed for such offense in subdivision 1 of section 36, it was covered by subdivision 2.

　　[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 216; Dec. Dig. § 197.*]

Appeal from Schenectady County Court.

Charles Post was convicted of violating the Liquor Tax Law, and he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

---

Loucks & Alexander, of Schenectady (Wm. Dewey Loucks, of Schenectady, of counsel), for appellant.

A. T. Blessing, Dist. Atty., of Schenectady, for the People.

HOWARD, J. The record shows that the defendant was indicted for a violation of subdivision A of section 30 of the Liquor Tax Law, which is a Sunday sale. The defendant was not the holder of a liquor tax certificate. He was indicted by a grand jury and was tried and convicted in the County Court. He challenges the jurisdiction of the County Court and claims that the Police Court of the City of Schenectady had exclusive jurisdiction of the offense with which he is charged.

Any violation of the Liquor Tax Law, for which no punishment is otherwise provided, is, by subdivision 5 of section 36, made a misdemeanor. By subdivision 2 of section 37 of the Liquor Tax Law, Courts of Special Sessions are given exclusive jurisdiction to try and determine all violations of the Liquor Tax Law included within subdivision 5 of section 36. The Police Court of the City of Schenectady is clothed with the same power in this particular as Courts of Special Sessions. Therefore the question arises here whether any other punishment or penalty is provided by the Liquor Tax Law for a Sunday sale by a person not holding a liquor tax certificate. Subdivision 2 of section 36 reads:

"Any person who * * * shall violate * * * section 30 shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not more than five hundred dollars or by imprisonment in a county jail or penitentiary for a term of not more than one year, or by both such fine and imprisonment, * * * but this clause does not apply to violations of section 30 of this chapter, by a person not holding a liquor tax certificate, the punishment for which is provided in the first clause of this section."

That is to say, if subdivision 1 of section 36 prescribes a penalty for a violation of section 30 by a person not holding a liquor tax certificate, the offender must suffer that penalty instead of the penalty prescribed by subdivision 2. If, however, no penalty is prescribed for the offense in subdivision 1, in that event the offender must suffer the punishment prescribed in subdivision 2. There is no penalty prescribed in subdivision 1 for a Sunday sale by a person not holding a liquor tax certificate. Therefore the provisions of subdivision 2 attach to such a case, and the penalty prescribed therein must be imposed upon the offender.

By subdivision 1 of section 37 of the Liquor Tax Law, it is provided that, where the penalty for any offense is fixed by subdivision 2 of section 36, the crime shall be prosecuted by indictment and by a trial in a court of record. It follows that the County Court had jurisdiction of the offense charged, and that the offense was properly prosecuted by indictment, and that the Police Court of the City of Schenectady had no jurisdiction of the alleged violation. This question has been passed upon before by this court. People v. Parisi, 147 App. Div. 466, 131 N. Y. Supp. 882.

The appeal should be dismissed, and the judgment of the County Court affirmed. All concur.